IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 18-cv-00338-PAB

M.T., by and through his parent and next friend,
LISA W.,

    Plaintiffs,

v.

DENVER PUBLIC SCHOOL DISTRICT,

    Defendant.
_____

**ORDER**
_____

This matter comes before the Court on Defendant's Motion for Entry of Final Judgment [Docket No. 18]. The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331.

Plaintiffs filed this lawsuit on February 12, 2018 seeking a preliminary mandatory injunction requiring defendant to provide plaintiff M.T. with two Cued Language Transliterators ("CLTs") for a school trip to Japan on March 6, 2018. Docket No. 1 at 1-2. Plaintiffs argued that the failure to provide two CLTs would violate plaintiff M.T.'s rights under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131-12134, and section 504 of the Rehabilitation Act, 29 U.S.C. § 794. *See generally* Docket No. 6. After an evidentiary hearing on February 26, 2018, the Court denied plaintiffs' request for a preliminary injunction, finding that plaintiffs had failed to establish a substantial likelihood of success on the merits of their claims. Docket No. 16; Docket

No. 17 at 162:25-163:3. On April 16, 2018, defendant moved for entry of final judgment on the ground that "the effect of the Court's [preliminary injunction] order was to deny all relief Plaintiff was seeking in this civil action." Docket No. 18 at 2, ¶ 3. Plaintiffs filed a response to defendant's motion on April 30, 2018. Docket No. 19. Plaintiffs do not object to the entry of final judgment, but argue that "[a]n award of costs is not appropriate" because a "defendant is only entitled to costs under the ADA if the plaintiff's actions were meritless, groundless, or without foundation." Docket No. 19 at 2, 3, ¶¶ 4, 6, 9.

Plaintiffs state, Docket No. 19 at 2, ¶ 6, that the allocation of costs in this case is governed by § 12205 of the ADA, which provides that "the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. The Tenth Circuit has held that fee-shifting in ADA cases is governed by the same standards applicable to fee awards under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-5(k). *Roe v. Cheyenne Mountain Conference Resort, Inc.*, 124 F.3d 1221, 1232 (10th Cir. 1997) (perceiving no "basis for any argument" that a "plaintiff proceeding under the ADA should be treated any differently from a plaintiff claiming a fee award under Title VII or section 1988").[1] In *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412 (1978), the Supreme Court held that a district court may

---

[1] Section 2000e-5(k) of Title 42 provides: "In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person."

only "award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Id.* at 421. While the Tenth Circuit has determined that this standard "applies as well to the recovery of attorney's fees by prevailing defendants in ADA actions," *Twilley v. Integris Baptist Med. Ctr., Inc.*, 16 F. App'x 923, 926 (10th Cir. 2001) (unpublished), plaintiffs seek to extend *Christiansburg* to apply to an award of costs in an ADA action. The Court finds such an extension unwarranted.

*Christiansburg* does not expressly address the issue of costs. *See* 434 U.S. at 421. Federal Rule of Civil Procedure 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." The Tenth Circuit has stated that Rule 54 "makes the award of costs presumptive" and has rejected the argument that the "presumption in favor of costs should be relaxed when the prevailing party is the defendant in a civil rights case." *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1204 (10th Cir. 2000); *see also Johnson v. Oklahoma ex rel. Univ. of Okla. Bd. of Regents*, 229 F.3d 1163, 2000 WL 1114194, at *3 (10th Cir. Aug. 7, 2000) (unpublished table decision) (upholding presumption in favor of awarding costs to prevailing defendants in ADA retaliation case). Although the Tenth Circuit has not specifically addressed whether *Christiansburg* creates a heightened standard for the award of costs in Title VII or ADA lawsuits, courts in other circuits have generally declined to extend the Supreme Court's holding in that manner. *See, e.g.*, *Cosgrove v. Sears, Roebuck & Co.*, 191 F.3d 98, 101-02 (2d Cir. 1999) (declining to apply *Christiansburg*'s heightened standard to

3

the assessment of costs); *Lewis v. N.L.R.B.*, 750 F.2d 1266, 1279 (5th Cir. 1985) (rejecting argument that *Christiansburg*'s holding that "*attorney's fees* should be awarded a prevailing defendant only where the suit is frivolous" also applies to the award of costs); *Alvarez v. Sch. Bd. of Broward Cty., Fla.*, 2016 WL 10518749, at *2 (S.D. Fla. Nov. 21, 2016) (concluding that "taxation of costs in ADA cases is governed by Rule 54(d), not by § 12205 or the *Christiansburg* standard"), *report & recommendation adopted*, 2016 WL 10519180 (S.D. Fla. Dec. 12, 2016); *King v. Mansfield Univ. of Pa.*, 2015 WL 871693, at *5-6 (M.D. Pa. Feb. 27, 2015) (holding that "the taxation of costs in a civil action involving Title VII, the ADA, or the Rehabilitation Act need not be restricted to cases where the Plaintiff's claims are frivolous, unreasonable, or without foundation").

At least one court has reached the opposite conclusion with respect to fee-shifting under the ADA. In *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182 (9th Cir. 2001), the Ninth Circuit held that, "[b]ecause § 12205 makes fees and costs parallel, . . . the *Christiansburg* test also applies to an award of costs to a prevailing defendant under the ADA." *Id.* at 1190. After the Ninth Circuit's decision, however, the Supreme Court held that a federal statute displaces Fed. R. Civ. P. 54(d)(1)'s standards for awarding costs only if the statute is "contrary" to the Rule. *Marx v. General Revenue Corp.*, 568 U.S. 371, 377 (2013). The Supreme Court explained that "[a] statute providing that 'the court may award costs to the prevailing party,' . . . is not contrary to the Rule" because it does not limit the court's discretion to award costs. *Id.* at 378.

*Marx* undermines the Ninth Circuit's holding in *Brown* because, like the statute at

4

issue in *Marx*, the ADA's fee-shifting provision contains permissive language that does not limit a court's discretion to award costs. *See* 42 U.S.C. § 12205 (providing that courts "may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs"); *Marx*, 568 U.S. at 380 (holding that statute was not "contrary" to Fed. R. Civ. P. 54 where it provided that "the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs"). Thus, Rule 54(d)(1), not § 12205 or *Christiansburg*, governs the award of costs in this case. *See Jacobson v. City of West Palm Beach*, 2017 WL 6366791, at *2 (S.D. Fla. Aug. 1, 2017) (declining to follow *Brown* in light of the fact that "the provision for costs in § 12205 is substantially similar to the provision that *Marx* held does not displace Rule 54(d)"); *Webster v. Bd. of Supervisors*, 2016 WL 4467750, at *3 (E.D. La. Aug. 24, 2016) ("Because Section 12205 is not contrary, it does not 'provide otherwise,' and Rule 54(d)(1) governs the allocation of costs in this case.").

Because Rule 54(d)(1) makes the award of costs presumptive, and plaintiffs make no other argument as to why an award of costs would be inappropriate, the Court finds that defendant is entitled to recover its costs by filing a Bill of Costs with the Clerk of the Court.[2] Wherefore, it is

**ORDERED** that Defendant's Motion for Entry of Final Judgment [Docket No. 18] is **GRANTED**. It is further

---

[2]Even if the heightened *Christiansburg* standard applied to the allocation of costs in ADA cases, defendant would likely be entitled to its costs under the Rehabilitation Act. *See Martin v. Cal. Dep't of Veterans Affairs*, 560 F.3d 1042, 1052 (9th Cir. 2009); *Alvarez*, 2016 WL 10518749, at *2; *see also* Docket No. 17 at 157-63 (finding that plaintiffs failed to demonstrate a substantial likelihood of success on the merits of their Rehabilitation Act claim).

**ORDERED** that the complaint [Docket No. 5] is dismissed.  It is further

**ORDERED** that, within 14 days of the entry of this Order, defendant may have its costs by filing a Bill of Costs with the Clerk of the Court.  It is further

**ORDERED** that this case is closed.

DATED October 24, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge